IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELIZABETH BLYNN WOLFE,

        Plaintiff,

v.     CIVIL ACTION NO. 2:12-cv-01286

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Defendants' Motion for Summary Judgment)*

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 94]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part.**

I.    Background

This case resides in one of seven MDLs assigned to the court by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, approximately 28,000 of which are in the Ethicon, Inc. and Johnson & Johnson, Inc. ("Ethicon") MDL, MDL 2327. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled

on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. I completed this selection process four times and selected the plaintiff's case as a Wave 1 case.

On July 9, 2008, Mrs. Wolfe was surgically implanted with a Gynecare Prolift Pelvic Floor Repair System ("Prolift"), a product manufactured by Ethicon, by Dr. Mark Akin in order to treat pelvic organ prolapse. Second Am. Short Form Compl. ¶¶ 8–12 [ECF No. 27]. Mrs. Wolfe's surgery occurred at Bailey Surgery Square Surgery Center in Austin, Texas. *Id.* ¶ 11. Mrs. Wolfe claims that as a result of implantation of this device she has experienced multiple complications. She brought the following claims against Ethicon: (I) negligence, (II) strict liability – manufacturing defect, (III) strict liability – failure to warn, (IV) strict liability – defective product, (V) strict liability – design defect, (VI) common law fraud, (VII) fraudulent concealment, (VIII) constructive fraud, (IX) negligent misrepresentation, (X) negligent infliction of emotional distress, (XI) breach of express warranty; (XII) breach of implied warranty, (XIII) violation of consumer

protection laws, (XIV) gross negligence, (XV) unjust enrichment, (XVII), punitive damages, and (XVIII) discovery rule and tolling. *Id.* ¶ 13.

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to

preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

Mrs. Wolfe originally filed her claim in the Eastern District of Texas. *See* Compl. [ECF No. 1]. Thus, the choice-of-law principles of Texas guide the court's

4

choice-of-law analysis. *See Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The parties agree, as does the court, that these principles compel application of Texas substantive law to the plaintiff's claims. In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under section 145 of the Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff resides in Texas, and her Prolift implantation surgery occurred in Texas. Second Am. Short Form Compl. ¶ 11. Texas has a strong interest in resolving tort actions brought by one of its citizens for injuries arising from conduct alleged to have occurred within its territorial jurisdiction. Thus, I will apply Texas substantive law to this case.

## III.  Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's legal theories are without evidentiary or legal support. Ethicon contends that many of Mrs. Wolfe's claims should be dismissed because they are either time-barred by Texas' statute of limitations, barred by the learned intermediary doctrine, not recognized by Texas law or otherwise fail as a matter of law.

### A. Failure to Warn

Texas follows the learned intermediary doctrine. *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 158–9 (Tex. 2012) (holding "the doctrine generally applies within the context of a physician-patient relationship"); *see also Bean v. Baxter Healthcare*

5

*Corp.*, 965 S.W.2d 656, 663 (Tex. Ct. App. 1998) (applying the learned intermediary doctrine to an implantable medical device case). Under this doctrine, "a manufacturer is required to provide adequate warning to the end users of its product if it knows or should know of any potential harm that may result from the use of its product." *Id.* at 153–154. "In order to recover for a failure to warn under the learned intermediary doctrine, a plaintiff must show: (1) the warning was defective; and (2) the failure to warn was a producing cause of the plaintiff's condition or injury." *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 468 (5th Cir. 1999) (applying Texas law). However, if "the physician was aware of the possible risks involved in the use of the product but decided to use it anyway, the adequacy of the warning is not a producing cause of the injury and the plaintiff's recovery must be denied." *Centocor*, 372 S.W.3d at 173 (quoting *Porterfield*, 183 F.3d at 468) (internal quotations omitted)).

Even assuming that Mrs. Wolfe presented sufficient evidence to show that Ethicon's warning to Dr. Akin was inadequate, she still was required to prove the inadequate warning was the producing cause of her injuries. *See Centocor*, 372 S.W.3d at 170. To prove causation, "the plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e., that but for the inadequate warning, the treating physician would have not used or prescribed the product." *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (quoting *Dyer v. Danek Med., Inc.*, 115 F. Supp. 2d 732, 741 (N.D. Tex. 2000)).

Mrs. Wolfe has failed to present any testimonial or other evidence that Dr. Akin would not have used or prescribed the Prolift to treat her pelvic organ prolapse and

6

urinary problems had he received a different warning. To the contrary, Dr. Akin stated in his deposition that in 2008 there were not a lot of treatment options available for a young woman like Mrs. Wolfe who had already undergone a hysterectomy, and he felt "more comfortable using mesh than not using mesh at all." Akin Dep. (Oct. 21, 2015) 25:10-27:10 [ECF No. 99-2].

Thus, Ethicon's Motion regarding failure to warn claims (counts XI and XII) is **GRANTED**.

### B. Claims Not Recognized by Texas Law

Ethicon argues that strict liability – defective product (count V) and fraudulent concealment (count VII) are not recognized claims in Texas.

#### 1. Strict Liability – Defective Product

Mrs. Wolfe responded that her only claims for strict liability are under manufacturing defect, design defect, and failure to warn theories. Mot. Opp. Summ. J. 2 [ECF No. 99].

Ethicon's Motion on strict liability – defective product (count V) is **GRANTED**.

#### 2. Fraudulent Concealment

Under Texas law, fraudulent concealment, or fraud by nondisclosure, is considered a subcategory of fraud. *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. Ct. App. 2013) (*citing Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997)). Fraudulent concealment is not an independent claim. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 862 (Tex. Ct. App. 2005) ("Concealment by silence, or fraudulent concealment, is a type of misrepresentation. . . . Therefore, we treat []

complaints of misrepresentation and fraudulent concealment as complaints of common law fraud.").

Ethicon's Motion on fraudulent concealment (count VII) is **GRANTED**.

### C. Failure to Meet the Elements

#### 1. Constructive Fraud

Under the laws of Texas, a constructive fraud requires proof of a violation of a fiduciary relationship. *Hubbard v. Shankle*, 138 S.W.3d 474, 483 (Tex. Ct. App. 2004). Mrs. Wolfe acknowledges that she does not claim to have a fiduciary relationship with Ethicon. Mem. Law Supp. Resp. Opp. Summ. J. 17.

Thus, there is no genuine dispute of material fact, and Ethicon's Motion on Mrs. Wolfe's constructive fraud claim (count VIII) is **GRANTED**.

#### 2. Breach of Warranty

Texas Business & Commerce Code Section 2.607(c) requires a plaintiff to provide a notice of breach of warranty prior to filing a suit. Tex. Bus. & Com. Code § 2.607(c); *see also Hull v. South Coast Catamarans, L.P.*, 365 S.W.3d 35, 44 (Tex. Ct. App. 2011) ("Failure to notify the seller of the breach, thereby allowing the seller an opportunity to cure, bars recovery on the basis of breach of warranty"). Mrs. Wolfe admits to not providing pre-suit notice to Ethicon. Mem. Law Supp. Resp. Opp. Summ. J. 17.

Ethicon's Motion on Mrs. Wolfe's breach of warranty claims (count XI and XII) is **GRANTED**.

### D. Remaining Claims

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, to the extent Ethicon's Motion challenges any other claims, including a challenger under Texas' statute of limitations, the Motion is **DENIED**.

### IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 94] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the plaintiff's strict liability – failure to warn (III), strict liability – defective product (IV), fraudulent concealment (VII), constructive fraud (VIII), and breach of warranty claims (XI and XII). To the extent that Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 20, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE